IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

**BRANDON ANDERSON, DATARIK BOX,**          **PLAINTIFFS**
**ISABEL CORREA, LILY GALANIS,**
**KASANDRA HALL, HARMONY HUNT,**
**LAKEITHSHA KING, JULIO MENDOZA,**
**AMANDA THOMAS and CYNTHIA**
**VAZQUEZ, Each Individually and on**
**Behalf of All Others Similarly Situated**

vs.                        No. 4:22-cv-15

**MVM, INC.**          **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiffs Brandon Anderson, DaTarik Box, Isabel Correa, Lily Galanis, Kasandra Hall, Harmony Hunt, Lakeithsha King, Julio Mendoza, Amanda Thomas and Cynthia Vazquez (collectively "Plaintiffs"), each individually and on behalf of all others similarly situated, by and through their attorney Josh Sanford of Sanford Law Firm, PLLC, for their Original Complaint—Collective Action ("Complaint") against Defendant MVM, Inc. ("Defendant"), state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiffs, each individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "FLSA").

2. Plaintiffs seek a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's policy and practice of failing to pay proper overtime wages under the FLSA.

## II.     JURISDICTION AND VENUE

3. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Defendant is located in and does business within the Pecos Division of the Western Division of Texas. Additionally, many of the Plaintiffs performed work for Defendant in this Division. Therefore, venue is proper within the Pecos Division of the Western District of Texas pursuant to 28 U.S.C. § 1391.

## III.    THE PARTIES

5. Brandon Anderson is an individual and resident of Cook County, Illinois.

6. Datarik Box is an individual and resident of Maricopa County, Arizona.

7. Plaintiff Isabel Correa is an individual and resident of Bexar County.

8. Lily Galanis is an individual and resident of Los Angeles County, California.

9. Kasandra Hall is an individual and resident of Bexar County.

10. Harmony Hunt is an individual and resident of Anderson County.

11. Lakeithsha King is an individual and resident of Rusk County.

12. Julio Mendoza is an individual and resident of Bexar County.

13. Amanda Thomas is an individual and resident of Brazoria County.

14. Cynthia Vazquez is an individual and resident of Los Angeles County, California.

15. Defendant is a foreign for-profit corporation

16. Defendant's registered agent for service of process is Corporation Service Company, at 211 East 7th Street, Suite 620, Austin, Texas 78701.

17. Defendant maintains a website at https://www.mvminc.com/.

## IV. FACTUAL ALLEGATIONS

18. Plaintiffs repeat and reallege all the preceding paragraphs of this Complaint as if fully set forth in this section.

19. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce such as vehicles and fuel.

20. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

21. At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA.

22. At all times material herein, Plaintiffs have been classified by Defendant as nonexempt from the overtime requirements of the FLSA, 29 U.S.C. § 207, and have been paid an hourly rate.

23. Defendant employed each Plaintiff within the three years preceding the filing of this Complaint.

24. Defendant employed each Plaintiff as a Travel Youth Care Worker ("TYCW").

25. Defendant also employed other TYCWs within the three years preceding the filing of this Complaint.

26. At all relevant times herein, Defendant directly hired TYCWs to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

27. Plaintiffs and other TYCWs recorded their hours paper timesheet which they submitted to Defendant at the end of each week.

28. Defendant regularly paid Plaintiffs for fewer hours than they submitted.

29. Upon information and belief, other TYCWs also submitted hours to Defendant for which they were not paid.

30. Plaintiffs worked for Defendant at multiple locations, including Defendant's offices in Pecos, Dallas, San Diego and Pomona and the time shaving practices were consistent at each location.

31. Due to Defendant's practice of shaving Plaintiffs' and other TCYWs' hours, Plaintiffs and other TCYWs worked hours which went uncompensated.

32. Plaintiffs were also occasionally required to perform work and not record it, such as completing trainings for Defendant.

33. Upon information and belief, other TCYWs were also required to perform work off the clock such as trainings.

34. Plaintiffs regularly worked hours over 40 in a week.

35. Upon information and belief, other TCYWs also regularly or occasionally worked hours over 40 in a week.

36. Defendant knew or should have known that Plaintiffs and TCYWs were working over 40 hours in some weeks.

37. Upon information and belief, the pay practices that violate the FLSA alleged herein were the same at all of Defendant's facilities because they stem from a centralized human resources policy implemented uniformly from the corporate headquarters.

38. At all relevant times herein, Defendant has deprived Plaintiffs and other TYCWs of compensation for all hours worked, including an overtime premium of 1.5x their regular hourly rate for all hours worked over 40 each week.

39. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

40. Plaintiffs repeat and reallege all previous paragraphs of this Complaint as though fully incorporated in this section.

41. Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    A. Regular wage and overtime premiums for all hours worked over forty in any week;

    B. Liquidated damages; and

    C. Attorney's fees and costs.

42. Plaintiffs propose the following class under the FLSA:

**All Travel Youth Care Workers within the past three years.**

43. In conformity with the requirements of FLSA Section 16(b), each Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

44. The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

45. The members of the proposed FLSA collective are similarly situated in that they share these traits:

   A. They were paid hourly;

   B. They recorded their time in the same manner;

   C. They were not paid for all of the hours that they submitted; and

   D. They worked more than 40 hours in at least one week in the past 3 years.

46. Plaintiffs are unable to state the exact number of the collective but believes that the collective exceeds 100 persons.

47. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

48. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

49. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.     FIRST CLAIM FOR RELIEF
### (Individual Claim for FLSA Violations)

50. Plaintiffs repeat and reallege all previous paragraphs of this Complaint as though fully set forth herein.

51. Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

52. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

53. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

54. Defendant classified Plaintiffs as nonexempt from the requirements of the FLSA.

55. Defendant failed to pay Plaintiffs for all hours worked.

56. Defendant failed to pay Plaintiffs a sufficient overtime premium for all hours worked over forty each week.

57. Defendant knew or should have known that its actions violated the FLSA.

58. Defendant's conduct and practices, as described above, were willful.

59. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

60. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to

the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

61. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CLAIM FOR RELIEF
### (Collective Action Claim for FLSA Violations)

62. Plaintiffs repeat and reallege all previous paragraphs of this Complaint as though fully set forth herein.

63. Plaintiffs assert this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

64. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

65. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

66. Defendant classified Plaintiffs and other similarly situated employees as nonexempt from the overtime provisions of the FLSA.

67. Defendant failed to pay Plaintiffs and similarly situated employees for all hours worked.

68. Defendant failed to pay Plaintiffs and similarly situated employees a sufficient overtime premium for all hours worked over forty each week.

69. Defendant deprived Plaintiffs and similarly situated employees of compensation for hours worked over forty per week, in violation of the FLSA.

70. Defendant knew or should have known that its actions violated the FLSA.

71. Defendant's conduct and practices, as described above, were willful.

72. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

73. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

74. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Brandon Anderson, DaTarik Box, Isabel Correa, Lily Galanis, Kasandra Hall, Harmony Hunt, Lakeithsha King, Julio Mendoza, Amanda Thomas and Cynthia Vazquez, each individually and on behalf of all others similarly situated, respectfully pray that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A.  Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA and its related regulations;

B.  Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C.  Judgment for damages suffered by Plaintiffs and others similarly situated for all unpaid overtime wages under the FLSA and its related regulations;

D.  Judgment for liquidated damages owed to Plaintiffs and all others similarly situated pursuant to the FLSA and its related regulations;

E.  An order directing Defendant to pay Plaintiffs and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F.  Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**BRANDON ANDERSON, DATARIK BOX, ISABEL CORREA, LILY GALANIS, KASANDRA HALL, HARMONY HUNT, LAKEITHSHA KING, JULIO MENDOZA, AMANDA THOMAS and CYNTHIA VAZQUEZ, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com